**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERNEST MONROE (M11348), | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14 C 3338 |
| | ) |
| VICTOR CALLOWAY, ACTING WARDEN, | ) Judge Rebecca R. Pallmeyer |
| DANVILLE CORRECTIONAL CENTER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Ernest Monroe, an Illinois prisoner confined at the Danville Correctional Center, has brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He pleaded guilty to a single count of unlawful delivery of a controlled substance (i.e., heroin) in December 2009, and the state trial court sentenced him to fourteen years in prison. In his petition, Monroe raises twelves grounds for relief, nine of which involve various allegations of ineffective assistance of trial counsel. The remaining three grounds claim that the State used "false evidence" against him, that the grand jury was not properly sworn, and that appellate counsel was constitutionally ineffective for failing to pursue Monroe's desired arguments. Respondent Victor Calloway[1], acting Warden of Danville Correctional Center where Petitioner is being held, moves to dismiss Monroe's petition as untimely. For the reasons explained below, the court agrees that the petition is time-barred. Respondent's motion to dismiss the petition [41] is granted, and the court declines to grant a certificate of appealability. Petitioner's remaining motions [45, 48] are denied as moot.

---

[1] Monroe's petition [1] names former Danville Warden Keith Anglin as the respondent, but Calloway is currently Petitioner's custodian.

## BACKGROUND

**I.  Conviction and sentence**

On habeas review, federal courts presume that the factual findings made by state courts are correct. *See* 28 U.S.C. § 2254(e)(1); *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012). This presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The following facts are drawn from the Illinois Appellate Court's decision affirming the dismissal of Monroe's petition for post-conviction relief. (App. Ct. Post-Conviction Op., *People v. Monroe*, 2015 IL App (3d) 140145-U (Ill. App. Ct. April 7, 2015), Ex. D to St. Ct. R. [42].) On December 3, 2009, Petitioner pleaded guilty to unlawful delivery of a controlled substance in violation of 720 ILCS 570/401(a)(1)(A). (*Id.* ¶ 4.) In exchange for his guilty plea, the State agreed to recommend a sentence of no more than sixteen years, and Judge H. Chris Ryan, Jr. of the LaSalle County Circuit Court sentenced Monroe to fourteen years in prison on January 14, 2010. (*Id.*) At the sentencing hearing, the trial court advised Monroe of his rights, including the need to file a motion to withdraw his guilty plea to preserve his right to appeal. (*Id.*) Through counsel, Monroe filed a motion to reconsider the sentence, which the trial court denied on April 29, 2010. (*Id.*) Monroe moved to withdraw his plea, and the state appellate court denied his request for leave to file a late notice of appeal on May 10, 2011. (Appellate Court Order of May 10, 2011, Ex. C to St. Ct. R., at 98.)

**II.  Post-conviction proceedings**

Proceeding *pro se*, Monroe filed a state post-conviction petition on July 8, 2011. (App. Ct. Post-Conviction Op. ¶ 5.) Among other things, his petition alleged that he received ineffective assistance of trial counsel due to his attorney's failure to file a motion to withdraw Monroe's guilty plea, despite Petitioner's request to do so. (*Id.*) The circuit court summarily dismissed the petition, but the appellate court remanded in July 2013, finding that an evidentiary hearing was warranted. (*People v. Monroe*, 2013 IL App (3d) 110811-U, 2013 WL 3154948 (Ill. App. Ct. June 19, 2013), Ex. B to St. Ct. R.)

On remand, the circuit court appointed a public defender, but Monroe opted to proceed *pro se.* (App. Ct. Post-Conviction Op. ¶ 6.) The circuit court again dismissed Monroe's petition at the conclusion of the evidentiary hearing on February 18, 2014. (LaSalle Cnty. Cir. Ct. Order of February 18, 2014, Ex. C to St. Ct. R. at 167.) This time, the appellate court affirmed. (Ex. D. to St. Ct. R.) The Illinois Supreme Court denied leave to appeal on September 30, 2015. (Ex. E to St. Ct. R.)

While his post-conviction petition was pending in state court, Monroe filed a petition for relief from judgment in circuit court on December 8, 2011. (Ex. F to St. Ct. R.) The trial court denied the petition, the state appellate court affirmed on August 29, 2013 (Ex. G. to St. Ct. R.), and the Illinois Supreme Court denied Monroe leave to appeal on November 27, 2013. (Ex. H to St. Ct. R.)

### III. Federal habeas petition

Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 5, 2014. This court stayed proceedings pending the resolution of Monroe's state-court petition [13], and lifted the stay [34] in November 2015. Monroe presents twelve grounds for relief, nine of which are based on various ways in which his trial counsel allegedly provided ineffective assistance.[2] He also claims that the state used "false evidence" against him to induce his guilty plea, that the grand jury that indicted him was not sworn, and that his appellate counsel was constitutionally ineffective for failing to pursue Monroe's desired

---

[2] Specifically, Monroe claims that trial counsel was constitutionally ineffective for the following reasons: (1) "for failing to file a motion to withdraw plea at the defendant's request"; (2) "for not filing a Rule 604(d) certificate with post plea motion" (before filing an appeal, Rule 604(d) requires that attorney certify that they have consulted with the defendant and examined the trial court file); (3) "for failing to investigate the evidence in the case"; (4) "for failing to investigate . . . the grand jury"; (5) "for improperly inducing the defendant to plead guilty by making factual misrepresentations to defendant"; (6) "for failing to discuss or let Mr. Monroe view discovery material at his request"; (7) "for failing to investigate [an] illegal phone call made by the informant"; (8) "for failing to investigate the credibility of the state's lead witness"; and (9) "for failing to take documents to the U.S. Attorney['s] Office at the defendant's request." (Pet. at 5-12.)

arguments. (Pet. at 13-18.) Respondent filed a motion to dismiss [41], arguing that Monroe's petition is untimely.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the standards for federal habeas relief from a state-court conviction and sentence. 28 U.S.C. § 2254. Respondent argues that Petitioner's claims are barred by AEDPA's statute of limitations. (Mot. to Dismiss at 4-5.)

**I. Timeliness**

With limited exceptions[3] not relevant here, AEDPA requires state prisoners to file a federal habeas petition within one year, starting from the date on which the state criminal judgment became final, either by the conclusion of direct review, or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). The one-year clock stops running while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Untimeliness may also be excused under the common-law doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010).

### A. The petition is untimely under § 2244(d)(1)(A)

Monroe's conviction became final on February 16, 2010, thirty days after his sentencing, because Petitioner failed to file a motion to withdraw his guilty plea and vacate the judgment. *See People v. Linder*, 186 Ill.2d 67, 72, 708 N.E.2d 1169, 1172 (Ill. 1999) ("[F]ollowing the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo." (quoting *People v.*

---

[3] AEDPA itself contains three statutory exceptions to the one-year deadline: (1) where the state creates an unconstitutional impediment to the filing of a petition; (2) where the Supreme Court recognizes a new, retroactive constitutional right; and (3) where newly discovered evidence forms the factual predicate of a claim. 28 U.S.C. § 2244(d)(1)(B)-(D).

4

*Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (Ill. 1996)); *see also* Ill. Sup. Ct., R. 604 (establishing 30-day deadline for motions to withdraw a plea of guilty).

Although the federal limitations period is tolled when a properly-filed application for state-court review is pending, 28 U.S.C. § 2244(d)(2), Petitioner's post-conviction challenge in state court cannot save his federal petition. Time is excluded under Section 2244(d)(2) only if the state-court petition is filed before the federal clock expires. *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Petitioner's one-year period expired on February 16, 2011, several months before Petitioner filed his state-court post-conviction petition in July 2011.

### B. Equitable tolling does not apply

Petitioner argues that, even if his petition is untimely, his delay should be excused under the doctrine of equitable tolling. (Pet.'s Resp. at 1, 3-4.) A petitioner must establish two elements in order to show that he is entitled to equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Such tolling is rare. The Seventh Circuit has "yet to identify a factual circumstance so extraordinary that it warrants equitable tolling." *Broyles v. Roeckeman*, No. 12 C 7702, 2013 WL 1729428, *3 (N.D. Ill. Apr. 22, 2013) (quoting *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)). This Circuit has even declined to apply tolling where a petition was filed one day late and petitioner's attorney's father died days before the deadline. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *see also Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003) (declining to apply equitable tolling where petition was filed one day late due to petitioner's attorney's mental and physical incapacity).

Monroe has failed to establish either of the necessary elements here. First, Petitioner has not pursued his rights diligently. Monroe argues that his diligence is evidenced by the fact that he "represent[ed] hi[m]self *pro se* through the whole entire proceeding of the post-conviction process" and that "[h]e filed numerous motions, and a brief correctly in the appellate

5

court *pro se.*" (Pet.'s Resp. at 3.) But Monroe's efforts related to his post-conviction proceedings are irrelevant for purposes of equitable tolling, as he filed his petition in state court in July 2011, several months after AEDPA's one-year deadline had already lapsed.

Nor has Monroe established that "extraordinary circumstances" prevented him from filing on time. District courts will recognize equitable tolling of the statute of limitations only where, despite reasonable diligence, petitioners were unable to obtain vital information regarding their claims because of exceptional circumstances outside their control. *See, e.g., Golden v. Oliver*, 264 F. Supp. 2d 701, 702-04 (N.D. Ill. 2003); *United States ex rel. Vidaurri v. Hardy*, No. 08-cv-3655, 2012 U.S. Dist. LEXIS 43186, 2012 WL 1068735, at *11-13 (N.D. Ill. Mar. 29, 2012). Monroe argues that he missed the AEDPA deadline because trial counsel "failed to file a motion to withdraw [his guilty] plea at Mr. Monroe's request." (Pet.'s Resp. at 4.) Had his lawyer filed such a motion, Monroe contends, the AEDPA clock would not have started until after the adjudication of the motion, and this § 2254 petition would have been timely. (*Id.*) No doubt, as the Illinois Appellate Court pointed out, trial counsel committed "several errors" here. (App. Ct. Post-Conviction Op. ¶ 17.) For instance, contrary to Illinois law, he advised Monroe that he could move to reconsider his sentence without also moving to withdraw his guilty plea. *See Linder*, 186 Ill. 2d at 72, 708 N.E.2d at 1172. Trial counsel also failed to file a Rule 604(d) certificate, which is a prerequisite for any appeal from a judgment entered upon a plea of guilty. But these errors do not establish an "extraordinary circumstance" that would justify equitable tolling, as the mistakes in no way impeded Monroe's ability to timely file his § 2254 petition before this court.

### C. The fundamental miscarriage of justice exception does not apply here

In the alternative, Monroe argues that his petition's untimeliness should be excused under the "fundamental miscarriage of justice" exception. This exception provides federal habeas courts an opportunity to review procedurally defaulted claims. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). While the Seventh Circuit has not directly addressed the issue, other courts have held that the fundamental miscarriage of justice doctrine also acts as an exception to AEDPA's statute of limitations. *See U.S. ex rel. McLaughlin v. Bowen*, No. 02 C 8715, 2003 WL 23162441, at *3 (N.D. Ill. Sept. 4, 2003) (citing cases). But even if the court assumes that the exception applies, however, Monroe has failed to establish that it applies here.

A petitioner can invoke the fundamental miscarriage of justice exception by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The Supreme Court has clarified this standard by stressing that a petitioner has the duty to prove that, absent a constitutional violation, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Monroe has failed to meet this exacting standard.

Although Petitioner does not explicitly identify the constitutional violation underlying his invocation of this exception, the court understands his argument as relying on the state's alleged use of "perjured testimony at the evidentiary hearing [on his state post-conviction petition] and grand jury." (Pet.'s Resp. at 27.) Specifically, Petitioner alleges that LaSalle County Sheriff deputies lost the heroin that was seized from him and then lied about its loss under oath. (*Id.*) But the record does not support Monroe's contention that the drugs were ever misplaced. His claim's only basis is that evidence records dated July 27, 2009 include a notation that says "Loss 6 Seized" in the same row that catalogs the bag of heroin that served

as the basis for Monroe's conviction.[4] (*See* Ex. A to St. Ct. R. at 121-125.) But the evidence records do not support Petitioner's conclusion that the evidence was lost and officers lied. The same notation appears next to the entry for every piece of evidence related to Monroe's case, not just the heroin. (*Id.*) It seems more likely that the words "loss" and "seized" appear on these forms as a way for officers to indicate (by circling) whether either of those descriptors apply to a particular piece of evidence. In any event, as Respondent points out, a subsequent Illinois State Police Laboratory Report, dated September 15, 2009, indicated that the same bag of heroin "was submitted to the Joliet Forensic Science Laboratory . . . on August 11, 2009." (*Id.* at 153.) Evidence that was received by the lab in Joliet on August 11 was not lost (at least not in a meaningful sense) at the time the earlier report was drafted two weeks prior on July 27. In short, the record belies Petitioner's assertions that officers who testified about the heroin and the evidence report "perjured" themselves. Monroe has failed to identify a constitutional violation, much less one that, if absent, would make it more likely than not that he is innocent. The fundamental miscarriage of justice exception does not apply here.

## II. Petitioner's claims also fail on their merits

As Petitioner's § 2254 petition is untimely, the court need not address the petition's substance. For the sake of completeness, however, the court notes that Monroe's claims appear to have no merit.

---

[4]

| PROPERTY | |
|---|---|
| Type | 560 Drugs (controlled substances) |
| Desc | One (1) plastic bag cont. approx. 90 grams of purported heroin |
| Serial# | |

(Loss) Seized

Evidence Tag 1

(Screenshot of Evidence Records, Ex. A to St. Ct. R. at 121 (the circles were apparently added by the petitioner).)

### A. Lost-evidence theory

Several of the grounds for relief raised by Petitioner rely on his claim that officers committed perjury related to the "lost" heroin. None of these bases for relief (Grounds 3, 5, 6, 9, 10, and 12[5]) have merit, as the record does not support the notion that the heroin was ever lost. Habeas relief is unwarranted on these claims.

### B. Ineffective assistance of trial counsel

Grounds 1, 2, 7, and 8 are all based on the alleged ineffective assistance of Monroe's trial counsel. None are availing. Monroe "bears a heavy burden in establishing an ineffective assistance of counsel claim." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). To prevail, he must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Specifically, Monroe urges in Grounds 1 and 2 that his trial counsel was ineffective for failing to file either a Rule 604(d) certificate or a motion to withdraw his guilty plea. The Illinois Appellate Court considered and rejected these arguments in Petitioner's state post-conviction proceedings. (App. Ct. Post-Conviction Op. ¶ 16-21.) This court's review of a previously adjudicated claim is highly deferential: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The state court's analysis of Monroe's claims easily survives this deferential review. The state court correctly articulated and applied

---

[5] Ground 12 alleges that appellate counsel was constitutionally ineffective for failing to pursue both Monroe's lost-heroin theory as well as his grand-jury arguments (discussed below). Because neither of the underlying arguments is meritorious, appellate counsel could not have been ineffective for failing to pursue them. *United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004) ("[C]ounsel cannot have been ineffective for failing to pursue what we have concluded would have been a meritless [claim].").

the Supreme Court standards governing ineffective assistance of counsel claims. (App. Ct. Post-Conviction Op. ¶ 16) (addressing *Strickland*).) It noted that, although several errors occurred, Monroe "failed to establish that he was prejudiced by [counsel's] failure to file a motion to withdraw guilty plea and a Rule 604(d) certificate [because Monroe] failed to present evidence of any grounds that could have been presented in the motion to withdraw the plea." (*Id.* ¶ 20.) Furthermore, Monroe "failed to present any evidence at the hearing that he ever told [his attorney] that he wanted to file a motion to withdraw guilty plea or that he wanted to appeal." (*Id.*) To the contrary, Petitioner wrote a letter to trial counsel "that expressly provided that [he] did not want to withdraw his guilty plea." (*Id.*)

Grounds 7 and 8 allege that trial counsel was ineffective for failing to investigate the State's witnesses in the case. Specifically, Monroe claims that counsel failed to investigate one witness's "extensive background for drug violations" and another's "illegal phone call made . . . [w]hile incarcerated." (Pet. at 11-12.) A petitioner alleging ineffective assistance of counsel due to a supposed failure to investigate bears the "burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal citations and quotations omitted). But Monroe has not established that trial counsel failed to conduct a thorough investigation, let alone how additional efforts could have changed the outcome here. *See Kratz v. United States*, 79 F. App'x 932, 933-34 (7th Cir. 2003) (holding that because the defendant has offered nothing more than speculation as to what the investigation would have uncovered and how it would have been helpful to his defense, the defendant could not show that his attorney's failure to conduct an investigation was objectively unreasonable or that he was prejudiced).

    **B.**    **Grand jury**

The remaining grounds require only brief attention. Grounds 4 and 11 seek habeas relief based on the allegation that the grand jury was not properly sworn. But there is no federal

right to indictment by grand jury on state charges. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) ("[T]he Court has never held that federal concepts of a 'grand jury,' binding on the federal courts under the Fifth Amendment, are obligatory for the States.") States that do choose to indict by grand jury need only comply with general procedural due process principles. "So long as the defendant has received adequate notice of the charges against him so that he has a fair opportunity to defend himself, the constitutional requirement is met." *Bae v. Peters*, 950 F.2d 469, 478 (7th Cir. 1991) (internal quotation marks omitted). There is no question in this case that the indictment satisfies this minimal notice requirement: it identifies Monroe as the defendant, states the charged offense, and identifies the date and location of the crime. (Indictment, Ex. A to St. Ct. R. at 17.) To the extent that Monroe's petition relies on his grand jury rights under Illinois law, such claims are non-cognizable on habeas review. *Harris v. Thompson*, 698 F.3d 609, 638 (7th Cir. 2012) ("[H]abeas corpus relief does not lie for errors of state law." (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991))).

### III.  Certificate of Appealability

The court declines to issue a certificate of appealability. A certificate may issue only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). Where, as here, a habeas court denies relief on procedural grounds, a petitioner seeking a certificate "must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (internal quotations omitted). A certificate of appealability would be inappropriate here because reasonable jurists would not find the time bar debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted.").

## **CONCLUSION**

Petitioner's federal habeas petition [1] is untimely. The court grants Respondent's motion to dismiss [41] the petition and declines to grant a certificate of appealability. Petitioner's motion to "show cause why the petitioner filed his reply response under court rules early" [45] and his motion to "show cause why the respondent's support motion should be treated as a delay tactic rather than a means for justice" [48] are both denied as moot.

ENTER:

Dated: June 7, 2016

REBECCA R. PALLMEYER
United States District Judge